STATE EX REL. WYLIE, Petitioner, vs. DAMMANN, Secretary of State, and KOHLER, Respondents.

*October 8—October 9, 1928.*

*Fred M. Wylie, in pro. per.,* and *Herbert E. Whipple;* both of Madison, for the petitioner.

*John W. Reynolds,* attorney general, for the respondent Dammann.

*H. H. Thomas* and *Robert M. Rieser,* both of Madison, and *L. P. Chase* of Kohler, for the respondent Kohler.

*By the Court.*—The questions presented upon this motion for a writ of alternative *mandamus* arise under the following statutes:

Section 5.17. ". . . the person receiving the greatest number of votes at such primary election as the candidate of such party for such office, shall be the candidate of that party for such office, and his name as such candidate shall be placed on the official ballot at the following election."

Section 6.19. "(1) Not less than twenty-eight days before any April or November election the secretary of state shall transmit to each county clerk a certified list containing the name, description and postoffice address of each person nominated for any office for whom any of the electors of such county are entitled to vote at such election. . . ."

Section 12.10. "The name of a candidate chosen at a primary or otherwise shall not be certified or printed on the official ballot for the ensuing elections, unless there has been filed by or on behalf of said candidate and by his personal campaign committee, if any, the statements of accounts and

expenses relating to nominations required by this chapter up to the time for such certification. . . ."

It is considered that it was not the legislative intent or purpose by the provisions of sec. 12.10 to charge the secretary of state with the duty and invest him with the power to conduct an examination to determine whether or not a statement filed by a candidate for office was in all respects correct and to certify or to decline to certify the name of the nominee in accordance with his findings. If the secretary of state finds on file in his office a statement such as is required by the statute, it becomes his plain duty to issue the certificate pursuant to sec. 6.19. In this case the secretary of state has made such determination and evidenced the same by issuing the certificate in accordance with the provisions of sec. 6.19.

The people in whose behalf the petition was presented are not without remedy. All candidates are required to file statements which become public documents. If any candidate has been guilty of misconduct the people may register their disapproval thereof at the polls on election day. If the candidate, in the language of the statute (sec. 12.24), has "violated any provision of this chapter," he may be required to answer in the manner and form there provided. If his misconduct is of such a character as to bring in question the title to his office if elected, all questions may be raised at the proper time in an orderly way and complete remedy afforded. The evident purpose of sec. 12.10 is to coerce the candidate to make and file a statement, not to invest the secretary of state with power to nullify the action of the electorate at the primary election.

Motion denied.

VINJE, C. J., and CROWNHART, J., took no part.

A motion for a rehearing was denied, without costs, on December 4, 1928.